QUESTION: Is a conflict of interest created if an assistant county attorney who has negotiated a contract for services between the county and a contractor and whose duty it is to see that the contract is properly executed accepts part of the legal fee charged the contractor by a private attorney to whom the assistant county attorney referred the contractor for preparation of appropriate incorporation papers?
SUMMARY: In order to avoid an actual or apparent conflict of interest, an assistant county attorney who has negotiated a contract for services between the county and a contractor, and whose duty it is to see that such contract is properly executed, should not accept part of the legal fee charged the contractor by a private attorney to whom the assistant county attorney referred the contractor for preparation of appropriate incorporation papers. You state that a full-time assistant county attorney was involved in the negotiation of a contract between the county and contractor for the disposal of junk cars and that the same assistant county attorney will be involved in seeing that the contract is properly executed. The contractor in question was selected on a competitivebid basis. Following consummation of the contract, the contractor sought to retain the assistant county attorney to prepare appropriate incorporation papers for the contractor, and, although the assistant county attorney declined to do so, he referred the contractor to a private attorney who performed the service. That private attorney has now offered to split the resulting legal fee with the assistant county attorney, and you inquire as to whether acceptance of part (one-third) of such fee by the assistant county attorney would create a conflict of interest. Initially, it should be noted that the Florida Bar Professional Ethics Committee, in Opinion 72-33, dated January 19, 1973, held that . . . the splitting of fees constitutes a violation of DR 2-107 of the Code [of Professional Responsibility] when the forwarding lawyer retains no significant responsibility and performs no substantial services in handling the case after it has been forwarded. Thus, it may constitute an ethical violation if the assistant county attorney accepts one-third of the fee paid by the contractor to the private attorney involved, unless the assistant county attorney has performed some substantial service for the contractor with respect to the latter's incorporation. According to your factual description, it does not appear that such substantial service has been performed by the assistant county attorney. In any event, the proper forum for the resolution of this ethical issue is the Florida Bar Professional Ethics Committee. Assuming, however, that the assistant county attorney has indeed performed some substantial service for the contractor, so as to ethically entitle him to part of the legal fee in question, it can then be concluded that the assistant county attorney was the agent of the contractor in this matter, since it is a long-established rule that an attorney is the agent of his client. Griffith v. Investment Co., 119 So. 271 (Fla. 1952); AGO's SC67-12 and SC69-12. Further, it has been ruled by this office, most recently in AGO 074-93, that such agency relationship is within legislative contemplation as expressed in s. 112.313(2), F. S. 1973, of the Standards of Conduct Law. That section requires, inter alia, that a county employee, such as an assistant county attorney, who is an officer, director, agent, or member of, or owner of a controlling interest in any corporation, firm, partnership, or other business entity which has substantial business commitments from any state agency, county, city, or other political subdivision of the state, file a sworn statement with the clerk of the circuit court disclosing such interest. In the instant situation, it appears as though the contractor has entered into a substantial business commitment with the county to dispose of junk cars. The contract was entered into on a competitive-bid basis, and establishes an ongoing business arrangement. Thus, I am of the opinion that, if the assistant county attorney has performed a substantial legal service for the contractor in question, he should disclose his relationship with the contractor in accordance with the requirement of s. 112.313(2), supra. Cf. AGO's 074-1, 074-2, 074-3, 074-27, and 074-93. (It might be noted that county policy may prohibit full-time assistant county attorneys from engaging in the private practice of law.) With respect to other applicable provisions of the Standards of Conduct Law, s. 112.313(1), F.S. 1973, prohibits county employees from accepting any gift, favor, or service that might reasonably tend improperly to influence them in the discharge of their official duties. Again, if we assume that the assistant county attorney has performed some substantial service for the contractor, and that he is accepting part of the legal fee in question as compensation therefor, then there may be no violation of this particular provision. However, if, as appears to be the situation, the assistant county attorney has performed no quid pro quo for the fee, the fee must be viewed as a "gift." And I cannot say that this gift will not tend to improperly influence the assistant county attorney when he performs his official obligation to see that the contract in question is properly executed. Moreover, it has been ruled by this office that an appearance of a violation of the Standards of Conduct Law, as well as an actual violation, should be avoided by public officials. Attorney General Opinions SC67-12 and 074-93. As a consequence, I am of the opinion that, in order to avoid even an appearance of a violation of s. 112.313(1), the assistant county attorney should not accept part of the fee paid by the contractor to the private attorney. See also s.112.313(3), F.S. 1973, which prohibits a county employee from using, or attempting to use, his official position to secure special privileges or exemptions for others; and s. 112.314(1), F. S. 1973, which prohibits a county employee from transacting any business in his official capacity with any business entity of which he is an officer, director, agent, or member or in which he owns a controlling interest. Finally, with respect to other requirements of the Standards of Conduct Law, s. 112.311, F.S. 1973, declares the legislative intent to be that no county employee have any interest, financial or otherwise, direct or indirect, or engage in any business, transaction, or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. Again, I cannot say that the assistant county attorney's acceptance of part of the fee in question will not create the appearance of a substantial conflict between his private pecuniary interest in this matter and his public duty to see that the contract is properly executed. In sum, therefore, I am of the opinion that, aside from the ethical considerations, the assistant county attorney, in order to avoid an actual or apparent violation of the Standards of Conduct Law, should decline to accept part of the fee in question. (It might be noted that as of July 1, 1974, a substantially revised Standards of Conduct Law is effective, and that public officials who have questions about the Law's application to themselves should direct such questions to the Ethics Commission.)